UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVICEDA THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TRIAL RUNNERS, LLC, <br><br> Defendant | Civ. A. No. 1:23-cv-12468-IT <br><br> Leave to file granted on Jan. 12, 2024 |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Aviceda points to five supposed harms: (1) attorneys' fees it had to incur when Trial Runners allegedly said it wanted communications to go through counsel; (2) damages resulting from Trial Runners' alleged mismanagement of the study; (3) alleged overpayments; and (4) the notional injury that results from any breach of contract; and (5) reputational harm. None of these supposed harms, though, forms part of its claims or of the remedies it seeks in Counts 1 and 2.

Some of the supposed harms, reputational harm and attorney's fees, are simply not compensable on a claim for breach of contract or breach of the implied covenant. The Complaint does use the word "reputation" once, in the introduction (Compl. ¶ 10). But the Complaint is otherwise silent on the matter. There is no claim for defamation or breach of any agreement not to disparage. As a rule, "damage to one's professional or business reputation is not the kind of damage that can be recovered on a claim for breach of contract, even under the implied covenant of good faith and fair dealing." *Digit. Strategists, LLC v. Leap Payments, Inc.,* 2018 Mass. Super. LEXIS 220, at *8 (BLS Jul. 16, 2018) (citing *McCone v. N.E. Tel. & Tel. Co.,* 393 Mass. 231, 234 n.8 (1984)). There is an exception when the plaintiff alleges, for example, a loss of a specific

1

customer relationship. *See id.* (citing *Redgrave v. Boston Symphony Orchestra, Inc.,* 855 F.2d 888, 893 (1st Cir. 1988)). But Aviceda has made no such allegation.

Nor can Aviceda show that when one party to a terminated contract tells the other party that further communications should go through counsel, there is an exception to the ordinary rule that each side bears its own legal expenses. Aside from claims for abuse of process, where the legal fees incurred in defending the abusive suit *are* the damages, *see Millennium Equity Holdings, LLC v. Mahlowitz,* 456 Mass. 627, 645-46 (2010), Trial Runners knows of no authority under Massachusetts law for the view that attorneys' fees can be recovered as part of the compensatory damages here.

While other supposed harms Aviceda mentions could support damages claims for breach of contract or of the implied covenant *if alleged,* Aviceda has not alleged them, or has not alleged that they are the basis of its claims. The damages sought must relate to the injuries alleged. *See California v. Texas,* 141 S. Ct. 2104, 2115 (2021) ("To determine whether an injury is redressable, a court will consider the relationship between 'the judicial relief requested' and the 'injury suffered'"). Although Aviceda did allege mismanagement of Part 2 of the study (Compl. ¶¶ 52-54), it did not terminate the contract on that basis or sue on that basis. It terminated the contract without cause (Compl. ¶ 56 & Ex. 1 § 7.2), and all of its claims are directed at what Trial Runners did *after* Aviceda sent the notice of termination. And though Aviceda says it alleges overpayment, that is not quite right. Aviceda does allege that Trial Runners demanded a large payment that it failed to support to Aviceda's satisfaction as the price of its cooperation in the transition to a new CRO (Compl. ¶ 95), and that Aviceda had "yet to receive a full accounting" of payments made for Part 2 of the study. (Compl. ¶ 30). But the Complaint never alleges that Aviceda overpaid.

Finally, Aviceda argues that any breach of contract gives rise to an injury that supports standing. But Aviceda has to justify standing as to each claim it brings *and each remedy it seeks*. *See Friends of the Earth, Inc. v. Laidlaw Envt'l Servs.,* 528 U.S. 167, 185 (2000). If Aviceda's point is that it has a claim that it wants to pursue for nominal damages on account of a breach of contract or breach of the implied covenant, that is one thing. But the purely theoretical injury that an abstract breach of contract causes does not support a claim for *compensatory* damages.

    Respectfully submitted,

    TRIAL RUNNERS, LLC

    By its attorney:

    */s/ Theodore J. Folkman*

    Theodore J. Folkman (BBO No. 647642)
    RUBIN AND RUDMAN LLP
    53 State St.
    Boston, MA 02109
    (617) 330-7135
    tfolkman@rubinrudman.com

Dated:  January 15, 2024